STATE EX REL. FINLEN, RELATOR, v. DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT ET AL., RESPONDENTS.

(No. 1,784.)

(Submitted March 21, 1902.   Decided March 25, 1902.)

*Mandamus—Hearing on Return to Alternative Writ—New Trial—Scandalous Affidavits in Support—Discretion of Trial Court in Striking Out—Unnecessary Delay in Determining Motion for New Trial—Burden of Proof.*

1.  An order of the trial court striking out affidavits filed in support of a motion for a new trial on the ground that they were disrespectful, scandalous and contemptuous, being an order made in the exercise of the court's discretionary power, *mandamus* will not lie to compel their restoration, even though it be conceded that the discretion was not wisely exercised.

2.  Where defendant claims that his answer made to an alternative writ of mandate shows a compliance therewith, the relator may controvert the truth of such answer and thus to enlighten the court as to what further order the court should make.

3.  *Obiter:* The trial court has no power to prevent the party claiming to be aggrieved by an order striking out—as being scandalous and contemptuous—affidavits filed in support of a motion for new trial from having the same reviewed by the supreme court, and to this end should settle a bill of exceptions embodying the matter.

4.  *Obiter:* When matters contained in a pleading or affidavit are pertinent and must be alleged therein in order to have the judgment of the court upon the rights of the parties thereon, even though such matters reflect upon the court or a party, they may not be characterized as scandalous and stricken out by the court.

5.  The relator in *mandamus* to compel the trial judge to determine the motion for a new trial, the decision of which is alleged to be unnecessarily delayed, has the burden of showing such unnecessary delay.

6.  The mere fact that the trial judge had delayed the determination of a motion for a new trial for 45 days is not sufficient, in *mandamus* proceedings to compel a decision thereof, to show that the court has unnecessarily delayed the decision.

7.  *Quaere:* Whether an order striking out affidavits in support of a motion for a new trial is an appealable order?

Original *mandamus* by the state, on the relation of Miles Finlen, against the district court of the Second judicial district of Montana and others.  Writ set aside.

*Messrs. Forbis & Evans, Mr. A. J. Shores* and *Mr. C. F. Kelley,* for Relator.

*Messrs. McHatton & Cotter,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Application for *mandamus.*  In a cause pending in the district court of Silver Bow county, entitled *"Miles Finlen v. F. Aug. Heinze et al.,"* after a trial by the court without a jury, findings of fact and conclusions of law were made on June 18, 1901, in favor of the defendants.  Judgment was entered thereon July 11, 1901.  Within the time allowed by the statute, and in conformity with its requirements, the plaintiff prepared his motion for a new trial, basing the same upon a statement of the case and upon affidavits.  The statement was properly settled and filed with the clerk.  The affidavits were also filed

within the time allowed by the court for that purpose.  On January 11, 1902, the motion came regularly on for hearing, and was submitted to the court without argument for determination, Hon. E. W. Harney being the judge presiding, and was taken under advisement.  On February 25, 1902, the motion not having been sooner determined, Miles Finlen, the plaintiff in the cause and the relator herein, applied to this court for a peremptory writ of *mandamus* to compel the district court and E. W. Harney, the judge, to determine it.  The application was made upon the ground that the decision upon the motion had been unreasonably delayed.  To the alternative writ issued by this court the said Harney made answer denying the charge of unreasonable delay, and stating that on March 15, and before the return day, the motion had been determined, not because he or the court had been negligent in the performance of their duty in so deferring the decision, but that it had been taken up out of its proper order and disposed of, to the end that this court might be saved any trouble or annoyance.  Upon the filing of the answer the relator asked leave to controvert the truth of it, and to show that the motion had not been determined, but that the judge had, in fact and of its own motion, first stricken from the files the affidavits submitted in support of it, and had then denied the motion, thus eliminating from the record all matters tendered in support of one of the most important grounds upon which the motion was based, and practically evading the command of the alternative writ.  *From a certified copy of the entry in the journal of the district court made

---

*At the hearing, upon the objection of the defendant to the admission of evidence, the court ruled as follows:

THE CHIEF JUSTICE: The general objection to the admission of evidence will be overruled.  I will make a brief statement of the views of the court upon this matter.  It is competent for a defendant upon application for a writ of mandamus to controvert the allegations contained in the affidavit pertinent to the ultimate question whether the peremptory writ ought to issue.  In addition to this, when answer is made in which the defendant alleges a compliance with the command of the alternative writ, the relator is authorized, under the statute, to controvert the truth of such answer, and thus to enlighten the court as to what further order should be made, if any.  Of course, if the answer is found true, this is the end of the controversy, except to enter an order disposing of the costs.  [O. T. C.]

at the time action was had upon the motion, it was made to appear that the affidavits were stricken from the files and ordered returned to the relator's counsel on the ground that the statements contained in them were disrespectful, scandalous and contemptuous, in that they reflected upon the judge who tried the cause. It also appears that they were thus stricken out before the motion was determined, and that the matters set forth in them were not considered in support of one ground of the motion. This court was then asked for a peremptory writ of *mandamus* directing the defendants to restore the affidavits to the files and to determine the motion as submitted.

Whatever rights the relator may have in the premises, they cannot be considered in this proceeding. The command of the alternative writ was that the court and its judge should proceed to determine the motion, or show cause why they had not done so. Under the mandate of the writ, the court and its judge were left to determine the motion in just the same way as it might have been determined if the writ had not been issued. The sole office of the writ was to expedite the determination of the motion if it appeared that a decision upon it had been unnecessarily delayed, and not to control the district court in the exercise of its discretion in the premises. In striking out the affidavits, the court exercised a discretion with which we cannot interfere by *mandamus*. To illustrate: If the motion had been disposed of before this application was made, we would have had no power to compel by *mandamus* a restoration of the affidavits to the files. The district court has the power to determine what is scandalous matter in a pleading, affidavit, or other paper put upon the files, and to order the same to be stricken out, to the end that the files may be free from objectionable or scandalous matter. That court, however, has no power to prevent the party claiming to be aggrieved by such an order from having the same reviewed in an appropriate way, and to this end should settle a bill of exceptions embodying the matter, so that the order may be properly reviewed by this court. Otherwise, should that court have fallen into error and determined

that the matters stricken out are scandalous, when, in fact, they are not, the rights of the moving party might thus be lost. Matters which are not pertinent to the controversy, and which at the same time reflect upon the court or a party, are properly characterized as scandalous. When, however, the same matters are pertinent, and must be alleged in the pleading or affidavit in order to have the judgment of the court upon the rights of the parties thereon, then they are not in fact scandalous and may not be so characterized and stricken out.

There was no evidence offered at the hearing tending to show that the disposition of the motion had been unnecessarily delayed. The burden was upon the relator to show such fact, if it existed. This situation of affairs presented at the hearing necessarily requires this proceeding to be dismissed. This court cannot presume that the district court, or its presiding judge, has willfully or unnecessarily delayed or refused to determine a matter submitted, merely because there has been a lapse of 45 days between the date of the submission and the date of the application to this court. Whether or not such intervening delay was unnecessary would depend largely upon the volume of business before the court and the time at its disposal to devote to it.

Nor may we say what course the relator should pursue or what remedy he should adopt, in order to preserve his rights in the premises.

It was urged at the hearing that the district judge, at the time the motion was determined in that court, refused to settle a proper bill of exceptions for the plaintiff in order that he might present to this court for review the order striking out the affidavits. Whether or not this is a fact is not now a pertinent inquiry. This court holds that an order striking out a statement on motion for a new trial is an appealable order. (*Beach v. Spokane Ranch & Water Co.*, 25 Mont. 367, 65 Pac. 106.) The supreme court of California follows the same rule (*Symons v. Bunnell*, 101 Cal. 223, 35 Pac. 770), the theory being that such an order is a special order after final judgment, with-

in the provision of the statute. Whether an order striking out affidavits in support of the motion is appealable, upon the same theory, has never been decided by this court. Reasoning by analogy, it may seem that it would fall within the terms of the statute; but the supreme court of California holds to the contrary, and declares that such an order may be reviewed only on appeal from the order denying a new trial, the statute in each state being the same. (*Melde* v. *Reynolds,* 120 Cal. 234, 52 Pac. 491.) We refrain from expressing any opinion, however, until the question is properly raised, leaving the relator herein to pursue such remedy as he may be advised is suitable to the circumstances.

It was plausibly argued by counsel for the relator that the cases of *Raleigh* v. *District Court,* 24 Mont. 306, 61 Pac. 991, 81 Am. St. Rep. 431, and *State ex rel. Donovan* v. *District Court of Second Judicial Dist.,* 25 Mont. 355, 65 Pac. 120, apply directly to this case, and are conclusive as to the power of this court to grant the relief demanded. If the facts in this case had warranted the issuance of the peremptory writ to compel a decision of the motion,—which we have said they do not, —these cases would furnish no precedent for a direction to the district court to restore the affidavits to the files and to pass upon the motion as submitted. In the former case it was held that where the district court refused to take jurisdiction of a second contest of a will, the same being filed before the hearing on probate was had, or, after having obtained jurisdiction, refused to proceed in its exercise by reason of an erroneous decision of a question of law or practice presented upon a preliminary objection, *mandamus* was the proper remedy to compel the court to restore to the files such contest, which had been stricken out, and to proceed to a hearing of it. In the second case the court struck from the files a contest of a will presented by the attorney general on behalf of the state, on the grounds that it was filed too late, and that the state had no such interest in the estate as would authorize a contest of the will in its behalf. It was held that *mandamus* was the proper remedy to

compel the court to entertain jurisdiction and to proceed to a hearing.

In the present case the order striking out the affidavits was made in the exercise of the court's discretionary power, and *mandamus* will not lie to compel their restoration, even though it be conceded that the discretion was not wisely exercised.

Let the writ be set aside, and the application be dismissed, at the cost of the relator.

*Dismissed.*

MR. JUSTICE MILBURN:  I concur.

MR. JUSTICE PIGOTT:  Though I concur reluctantly, I do so without hesitation.