STATE OF MONTANA, EX REL. SHIELDS B. SANDERS, RELATOR AND RESPONDENT, v. FRED L. HILL, MRS. ELMER SCHYE, DONALD J. SKERRITT, MALCOLM W. BOWDEN, HUBERT G. WHITE, AND THE BOARD OF ADMINISTRATION OF THE PUBLIC EMPLOYEES RETIREMENT SYSTEM OF THE STATE OF MONTANA, RESPONDENTS AND APPELLANTS.

No. 10481

Submitted January 14, 1963. Decided April 9, 1963.

Rehearing denied May 24, 1963.

381 P.2d 475

Michael J. Hughes, Helena, William R. Taylor, Deer Lodge, argued orally, for appellants.

Skedd, Harris & Massman, Helena, Hollis Gay Connors, Hubert J. Massman, Helena, argued orally for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal by the Board of Administration of the Public Employees' Retirement System of the State of Montana, hereinafter referred to as the Board, from a judgment ordering issuance of a peremptory writ of mandate entered in the district court of Lewis and Clark County.

Relator, Shields B. Sanders, was employed by the Montana State Highway Commission as a construction engineer. He suffered a myocardial infarction in January of 1956 and his health continued to be impaired so that in July of 1956 he applied for industrial disability retirement benefits from the Board; an ordinary disability retirement was granted on July 20, 1956. This action was re-considered by the Board during August with the same result. On September 21, 1956, relator quit work and went on sick leave and vacation leave which

he had accumulated and which continued until January 7, 1957. On January 8, 1957, he suffered a further heart attack. In March of 1957, the State Highway Commission requested the Board to reconsider the case, which request was denied

On June 2, 1960, relator filed a claim with the Industrial Accident Board for benefits, and on June 4, 1960, filed another application with the Board seeking a hearing on a claim for industrial disability retirement benefits. Both agencies granted the requests for hearings and they were thereafter held and on October 18, 1960, the Board issued findings, conclusions and decision denying industrial disability retirement benefits. The Industrial Accident Board thereafter denied industrial accident benefits and an appeal was taken to the district court.

The district court reversed the ruling of the Industrial Accident Board and directed payment of benefits, which order was complied with by that agency. Thereafter this proceeding was instituted and on December 20, 1961, an alternative writ of mandate was issued returnable on January 26, 1962.

On January 19, 1962, the Board again considered the claim of relator and again denied industrial disability retirement benefits. Following a hearing in the district court on May 7, 1962, findings of fact and conclusions of law were filed and judgment entered that a peremptory writ of mandate issue. On May 25th the Board appealed.

While the Board specifies fifteen errors, several of them are involved in this issue: May the district court in a mandamus proceeding substitute its judgment for that of the Board on the question of whether or not the disability arose out of and in the course of relator's employment? We shall consider this first.

There is no dispute between respondent and relator that as a general rule mandamus will not lie to control discretion, and that a court may not substitute its judgment for that of a public officer or governmental body. In dealing with the

respondent Board in State ex rel. Morgan v. Public Employees' Retirement System, 136 Mont. 470, 482, 348 P.2d 991, 997, this court stated:

"This statute [Section 68-901, subd. (h), R.C.M.1947] specifically commands that the *Board of Administration make the determination* whether incapacity is the result of injury or disease arising out of or in the course of employment. *The Board's discretion to make any determination may not be compelled by mandamus. Mandamus will compel action but not control discretion.* State v. Rathbone, 110 Mont. 225, 100 P.2d 86; State ex rel. Stuewe v. Hindson, 44 Mont. 429, 120 P. 485; State ex rel. Scollard v. Board of Examiners for Nurses, 52 Mont. 91, 156 P. 124." Emphasis supplied.

It has been the position of relator that the respondent acted arbitrarily and capriciously so as to come within the exception to the general rule as set forth in State ex rel. Scollard v. Board of Examiners for Nurses, 52 Mont. 91, 98, 156 P. 124, 126, wherein this court stated:

"It is elementary that *mandamus* will lie to compel the board to act, but that it cannot control the board's discretion. (State ex rel. Stuewe v. Hindson, 44 Mont. 429, 120 Pac. 485), and *the district court is not authorized to substitute its judgment for that of the board. The only question before the trial court was: Did the Board act so arbitrarily or capriciously, or abuse its discretion, to that extent that it cannot be said to have rendered an honest judgment upon Mrs. Scollard's application? The burden was upon this respondent to show that such was the fact, and, in the absence of a clear showing of abuse of discretion or a determination reached by other improper means, the court was not warranted in issuing the writ.* State ex rel. Finlen v. District Court, 26 Mont. 372, 68 Pac. 465." Emphasis supplied.

The relator, in setting forth wherein respondent's actions have been arbitrary and capricious, lists these categories:

(1) That the Board has taken the position that there can be no such thing as an industrial disability resulting from heart injury where the relationship of accident to injury involves unusual stress or strain occasioned by over-work, long hours, or tension associated with employment;

(2) That the Board refused to follow the holding in an Industrial Accident Board action involving the relator; and

(3) That the statutes under which respondent acts contain no provision for appeal.

Referring to the first proposition, without setting forth all the evidence presented by medical witnesses in this cause, it is apparent that relator was suffering from a condition of diabetes mellitus since 1947; he had suffered from smoker's throat in 1953; that diabetes was a factor in producing relator's heart disease; that smoking could have been a factor; that the pathology involved in relator's coronary occlusion was that of arteriosclerosis, a hardening of the artery, an aging process.

Relator insists that his heart disease was the result of unusual stress and strain occasioned by over-work, long hours and the tension connected with his employment.

This conflict the Board decided, and held that relator's incapacity to perform his work was not the result of injury or disease arising out of and in the course of his employment. There exists very clear evidence in the record to sustain such a finding, and certainly this does not indicate any arbitrary or capricious judgment on the part of the Board.

As to the second proposition, the Board is charged by the statute, section 68-901, subd. (h), R.C.M.1947, to make the determination whether incapacity is the result of injury or disease arising out of and in the course of employment and this court specifically so held in State ex rel. Morgan v. Pub. Employees' Retirement System, supra. The Board was

furnished with a copy of the district court's holding in the Industrial Accident Board case, and gave it consideration but refused to alter its previous ruling. Since the record here clearly shows that the district court ruling was before the Board, the fact that such Board did not alter its previous stand cannot be termed either arbitrary or capricious. The following statement from the Morgan case, 136 Mont. at p. 483, 348 P.2d at p. 997 supra, is pertinent:

"* * * the pertinent provisions of section 68-901, subd. (h), set out, supra, make it the duty of the Board of Administration of the Retirement System to determine, after a notice and a hearing (which is required by the constitutional due process) whether or not the relator should be found to be incapacitated for his work as a result of any injury or disease arising out of and in the course of his employment. This is made very apparent by reading the title to Chapter 186, Laws of 1951, which in this regard states, 'An Act to Amend [among other sections] * * * Section 68-901, Revised Codes of Montana 1947, * * * By Providing the Board of Administration of the Public Employees' Retirement System, *Instead of the Industrial Accident Board, Shall Determine Incapacity for Performance of Duty* as the Result of Injury or Disease Arising Out of and in the Course of Employment; That Said Board of Administration Shall Have Power to Hold Hearings, Administer Oaths, Take Depositions, and Perform Other Acts Necessary to the Making of Such Determinations'.

"The title indicates the intent of the Legislature to place a duty on the Board of Administration to determine incapacity by public hearings and in the same manner as the Industrial Accident Board had theretofore, and to determine whether or not such incapacity, if found, was the result of injury or disease arising out of and in the course of such employment. In this case incapacity had been

determined by the Industrial Accident Board, but such finding was not accepted or approved by the Board of Administration of the Public Employees' Retirement System.'' Emphasis supplied.

As to the third proposition that no appeal lies from an adverse ruling of the Board, this is a matter for the Legislature. We have carefully delineated in many mandamus proceedings before this court the extent of our powers and no purpose would be served by further comment.

By reason of what we have heretofore stated there is no reason to consider the other specifications raised by the respondent.

It is our view that the district court in this mandamus proceeding could not substitute its judgment for that of the Board, and the judgment appealed from must be reversed with instructions to the district court to vacate and set aside its judgment herein and enter an order quashing the alternative writ and dismissing the action.

It is so ordered.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE concur.