No. 12640

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

STATE ex rel. DELBERT E. BARNES
and ETHEL BARNES,

Petitioners,

-vs-

THE TOWN OF BELGRADE, MONTANA et al.,

Respondents.

---

Appeal from: District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Petitioners:

Anderson and Dasinger, Bozeman, Montana
McKinley Anderson argued, Bozeman, Montana

For Respondents:

Bennett and Bennett, Bozeman, Montana
Lyman H. Bennet, Jr. appeared and Lyman H. Bennett, III
argued, Bozeman, Montana

---

Submitted: April 26, 1974

Decided: JUL 1 9 1974

Filed: JUL 1 9 1974

*Thomas J. Kearney*
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from the refusal of the district court of Gallatin County to issue a writ of mandamus and a judgment entered in favor of respondents.

Relators Delbert E. Barnes and Ethel Barnes commenced this action against respondents the Town of Belgrade (hereinafter referred to as the Town), Mayor Dewey Cooper, Aldermen James H. Monger, LaVon Carter, Ted Mangun and David Spring, and Town Clerk Marie Essex, for the purpose of obtaining a license to operate a mobile home court within the town limits of the Town.

An affidavit for a writ of mandamus was filed by relators on July 12, 1973. The district court issued an alternative writ of mandamus requiring respondents to issue relators a mobile home court license or to show cause why such a license should not be issued. Hearing on the order to show cause was held on August 27, 1973. The district court, sitting without a jury, heard this evidence:

On July 31, 1972, relators obtained a license to operate a mobile home court within the town limits of the Town. The license was issued by town clerk Marie Essex without the knowledge or consent of the town council. The next day, upon learning of the license and the circumstances under which it was issued, Mayor Cooper revoked it and so notified relators.

Relators then requested the town council to issue them a license to operate a mobile home court. In answering, respondents set forth several conditions precedent to the issuance of the license: Relators were to clean up their property; remove a house which encroached upon an alley; and, take certain other steps to ensure that the mobile home court would be an asset rather than a detriment to the community.

Thereafter a lengthy dispute ensued concerning the condition that the house be removed from the alley. The Town insisted no license would be forthcoming until the encroachment was cured.

Relators, who rented out the house for $75 per month, felt this condition was unreasonable and suggested instead that the Town replat or vacate the alley. Because of this impasse, none of the conditions precedent was in fact fully performed and consequently no license was issued to relators.

At the conclusion of the evidence, the district court denied the issuance of a writ of mandamus and entered judgment in favor of respondents.

Relators appeal and seek resolution of two issues:

(1) Are relators entitled to a writ of mandamus compelling respondents to issue them a license to operate a mobile home court within the Town?

(2) Are relators entitled to damages for respondents' failure to issue them a license?

The rule that a writ of mandamus will issue to compel action but not control discretion by an administrative board is well settled in Montana. This Court recently reviewed this principle in Barnard v. McInerney, ____Mont._____, 511 P.2d 330,334, 30 St. Rep. 656, 662:

> "The general rule and the qualification of the general rule with respect to mandamus actions was clearly set forth by this Court in Paradise Rainbow v. Fish & Game Comm'n, 148 Mont. 412, 417, 421 P.2d 717, 720:
>
> "'As a general rule mandamus is available only to compel performance of a clear legal duty not involving discretion. McCarten v. Sanderson, 111 Mont. 407, 190 P.2d 1108, 132 A.L.R. 1229. "But even where discretion is involved, if there has been such an abuse as to amount to no exercise of discretion at all, mandamus will lie to compel the proper exercise of the powers granted." Skaggs Drug Centers v. Mont. Liquor Control Board, 146 Mont. 115, 124, 404 P.2d 511, 516. This Court has indicated that arbitrary or capricious action by an administrative board is an abuse of discretion. State ex rel. Sanders v. Hill (P.E.R.S.), 141 Mont. 558, 381 P.2d 475.'
>
> "In Erie v. State Hwy. Comm'n, 154 Mont. 150, 153, 461 P.2d 207, 209, this Court held:
>
> "'The rule simple put is that a board may be enjoined from acting outside the scope of its authority and such board may be compelled to perform an act it is legally bound to perform; but neither of these extraordinary remedies will lie to control the discretion of

a board unless it has been clearly shown that the board has manifestly abused such discretion.'

"It is clear that the remedy sought in the instant case will lie only when it is shown that there has been a manifest abuse of discretion."

A duly elected governing body of a town is sufficiently like an administrative board to bring it within the purview of this this rule.

The question now becomes whether the Town manifestly abused its discretion in refusing to grant relators a license to operate a mobile home court. Clearly the Town had discretionary powers in this case. Section 11-904, R.C.M. 1947, provides:

"The city or town council has power: To fix the amount, terms and manner of issuing and revoking licenses; but the council may refuse to issue licenses when it may deem it best for the public interests."

Relators contend the Town acted arbitrarily in refusing to issue them a license and thereby abused its discretionary powers and denied them due process and equal protection under the law with respect to the use of their property. In support relators rely on State ex rel. Bennett v. Stow, 144 Mont. 599, 399 P.2d 221. In Bennett relators applied to the city of Billings for a license to operate a trailer park. The city refused the license even though relators had completely satisfied all conditions imposed by state law and by a city ordinance concerning licenses to operate a trailer park. This Court found for relators on the grounds the city's refusal to issue them the license in the face of full compliance with all existing regulations was arbitrary and violative of the constitutional guarantees of the lawful use of private property and equal protection of the laws.

Bennett is easily distinguishable from the instant case. Here, relators have not fully complied with the conditions precedent to obtaining a mobile home court license from the Town. Full compliance was the crux of Bennett.. Moreover, the record is barren of any evidence tending to show that relators were treated differently from other persons who also may have desired to operate a mobile home court in Belgrade. Certainly the fact that the Town dealt with

relators on an individual basis does not, without more, establish a denial of equal protection.

Relators' assertion that the Town acted capriciously by insisting upon removal of the encroachment from the alley is not persuasive. A town has direct authority under sections 11-906 and 11-910, R.C.M. 1947, to compel the removal of encroachments upon public property within its boundaries. A town may achieve the same result indirectly under section 11-904, R.C.M. 1947, by tying the removal of an encroachment to the issuance of a license "when it may deem it best for the public interests." The Town chose the latter route, and we find no manifest abuse of discretion. It did not authorize relators to construct a building which encroached upon a dedicated alley, nor did it approve of the encroachment after the same was discovered. Not unreasonably, the Town feared that following relators' suggestion to replat or vacate the alley might set bad precedent for other encroachers. In short, how can relators maintain the Town deprived them of the lawful use of their property when it requested them to do what they were legally obligated to do---to remove the encroachment?

It has been determined that relators are not entitled to a writ of mandamus compelling the Town to issue them a license to operate a mobile home court, therefore the question of damages is moot.

The judgment of the district court is affirmed.

_____
Chief Justice

We Concur:

_____

_____

_____

_____
Justices.

- 5 -