No. 14721

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

STATE ex rel., THE DIEHL COMPANY,
A Montana Corporation,

        Plaintiff, Relator and Respondent,

  -vs-

THE CITY OF HELENA, MONTANA et al.,

        Defendants, Respondents and Appellants.

_____

Appeal from:  District Court of the First Judicial District,
           Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Hull, Driscoll and Sherlock, Helena, Montana
        James Driscoll argued, Helena, Montana
        C. W. Leaphart, Jr., argued, Helena, Montana

    For Respondent:

        Gene A. Picotte argued, Helena, Montana

_____

                   Submitted:  March 26, 1979
                    Decided: APR 1 1979

Filed:

*Thomas J. Kearney*
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal is by the City of Helena and its City Commission (Helena) from a judgment against it entered January 12, 1979, in the District Court, First Judicial District, Lewis and Clark County. Because of the unusual circumstances presented, this Court on motion expedited the oral argument and decision in the cause.

The Diehl Company (Diehl) has been planning since 1971 for the development of a large shopping-center complex on land owned by the corporation just east of the City of Helena. In 1975, Diehl received approval from the Helena Zoning Commission for a designation of the parcel as a "B-2" zone. A B-2 zone under the Helena City ordinances allows for construction and operation of all types of businesses that would make up the contemplated shopping center. However, Diehl's plan calls for a huge planned-unit mall-type complex rather than separate stores. Helena City Ordinance 11-15-5 lists as a "conditional use" of a B-2 zone "planned-unit shopping center(s) in tracts of five or more acres. . ." In order to make such conditional use of a B-2 zone, a developer must apply for a "conditional-use permit" following procedures outlined in the City ordinances. Diehl applied.

Helena City Ordinance 11-15-2(B) provides:

"(B) A conditional use permit shall only be granted by the City Commission based upon (if warranted by the facts and circumstances) a statement of findings by the City Commission that:

"1. The use conforms generally to the objectives of the Comprehensive Plan and the intent of the ordinance, and

"2. Such uses will not adversely affect nearby properties or their occupants, and

-2-

"3.  Such uses meet the overall density,
coverage, yard, height and all other
regulations of the district in which
they are located, and

"4.  Public hearings have been held, after
the required legal notices have been given,
and the public has been given a chance to
be heard upon the matter."

Before the request for a permit is ruled on by the

City Commission, it is first reviewed by the Zoning Commission

which makes a recommendation as to whether the permit should

be issued.  The Zoning Commission is an advisory body only

and its recommendation has no binding effect on the City

Commission.

The duty of the City Commission in acting upon requests

for conditional-use permits is found in Helena City Ordinance

11-15-3, which spells out the conditional-use permit procedure.

It provides that after the proper procedures have been followed

to bring the request before the City Commission, then:

"The City Commission shall, by resolution,
approve, deny, or change the recommendation
of the Zoning Commission.  If the City
Commission denies or changes the Zoning
Commission's recommendations, the reasons
for such a change shall be made part of
the resolution."  (Emphasis added.)

On July 24, 1978, Diehl's request for a conditional-

use permit for a planned shopping center came before the

regular meeting of the City Commission.  A reading of the

transcript of the public hearing held in conjunction with that

meeting indicates that a significant majority of the members

of the public present opposed the granting of the permit.

One of the commissioners moved that the permit be denied but

the motion died for lack of a second.  Another commissioner

then proposed the following resolution:

"A resolution establishing a one-year moratorium
on the granting of all conditional-use permits
for planned-unit shopping centers outside the
Central Business District in the City of Helena
as defined in Section 15-5 of the City Zoning

-3-

> Ordinance on the basis of need for additional in-
> formation and deliberation on transportation,
> provision of public services, the effect on
> residences and businesses in the City of Helena,
> and other aspects of the Comprehensive Plan of
> Helena and affecting the health, welfare, and
> public safety of the people of Helena."

This resolution passed.

Thereafter, Diehl commenced legal proceedings for a declaratory judgment that the moratorium was illegal and that the ordinances providing for conditional-use permits were unconstitutionally vague, and requesting a writ of mandamus to require the City Commissioners to rule on his application. On August 3, 1978, Diehl filed a petition for writ of mandate in this Court. After reviewing written arguments with respect to the petition, we dismissed the same, refusing to assume original jurisdiction on October 2, 1978, because of apparent factual controversies. On October 26, 1978, Diehl filed in the District Court his complaint and petition for a declaratory judgment, writ of mandate, and order to show cause. After two disqualifications, the Hon. W. W. Lessley was called in as presiding judge in the District Court. The matter was submitted to him on affidavits and exhibits, and each party submitted proposed findings of fact, conclusions of law, and briefs. On January 12, 1979, the District Court issued a declaratory judgment and peremptory writ of mandate, and writ of prohibition, and its adopted findings of fact and conclusions of law.

The District Court ordered and decreed as follows:

1. Helena was required to issue the conditional-use permit to Diehl forthwith and was prohibited from delaying or obstructing the course of any further necessary proceedings that may be legally prequisite to the creation of the shopping center.

2. If Helena refused to issue such conditional-use permit, Diehl was granted the right to proceed with the shopping center in all lawful ways, without the necessity of obtaining

-4-

any conditional-use permit from the Commission. Helena was prohibited from any interference or obstruction of the activities of Diehl in creating said shopping center.

3. The District Court further implied in its conclusions that the conditional-use permit ordinances of Helena were unconstitutional but that the necessity for reaching the issue of the validity or constitutionality of the ordinances was not involved if Helena approved the issue of the conditional-use permit applied for by Diehl; otherwise, said ordinances were impliedly found to be unconstitutional.

Helena filed post-trial motions in the court, which were denied. Thereafter, Helena brought this appeal.

Out of the welter of issues and counter-issues raised by the parties, two main problems arise and control our decision here:

1. Whether the City Commission may adopt a moratorium against the issuance of conditional-use permits in the circumstances described here.

2. Whether the writ of mandate or declaratory judgment requiring the issuance by the City of the conditional-use permit was proper.

On those issues, we conclude and hold as follows:

1. While a City may adopt a reasonable general moratorium in proper circumstances against the issuance of conditional-use permits, if adopted as an urgency matter, the procedure required by section 76-2-306 MCA (formerly section 11-2711, R.C.M. 1947), must be followed.

2. The discretion of the City Commission to approve, modify or deny the recommendation of the Zoning Commission as to the issuance of a conditional-use permit cannot be controlled by writ of mandate, prohibition, or by declaratory judgment.

-5-

3. A writ of mandate requiring the City Commission to act on Diehl's application for a conditional-use permit within a reasonable time is proper under the circumstances in this case.

THE MORATORIUM:

The first grant of statutory authority for zoning by municipalities occurred in this State in 1929. Chapter 136, Laws of 1929. Historically, the grant of the zoning authority is broadly stated, as characterized in section 76-2-301 MCA (section 11-2701, R.C.M. 1947):

> "Municipal Zoning Authorized. For the
> purpose of promoting health, safety, morals,
> or the general welfare of the community,
> the city or town council . . . is hereby
> empowered to regulate and restrict . . .
> the density of population; and the
> location and use of buildings, structures,
> and land for trade, industry, residence,
> or other purposes." (Emphasis added.)

No specific statutory authority in Montana appears for the adoption of moratoriums with respect to zoning or the issuance of permits under zoning ordinances. The power to adopt moratoriums, if it exists, must be found within the paste and cover of the broad statutory grant "to regulate and restrict" the use of land. Other courts have found such power in local governments where the purpose of the moratorium is to allow for a rational and reasonable growth. Golden v. Planning Board of Town of Ramapo (1972), 30 N.Y.2d 359, 285 N.E.2d 291; Smoke Rise, Inc. v. Washington Suburban Sanitary Commission (D.C. Md. 1975), 400 F.Supp. 1369. Moratoriums appear to be a development of the exercise of the police power in local government. Smoke Rise, Inc., supra.

A moratorium itself must be reasonable in length of time and scope. In Smoke Rise, Inc., it is said:

> "While a police powered moratorium must be
> reasonably limited as to time, it is clear
> that the reasonableness of the duration of
> the moratorium must be measured by the scope
> of the problem which is being addressed." 400
> F.Supp. at 1386.

-6-

A moratorium must also be limited in its purpose. It must promote the health, safety, morals or the general welfare of the community. Section 76-2-301 MCA (formerly section 11-2701, R.C.M. 1947), and designed to meet the purposes of zoning as set forth in section 76-2-304 MCA (formerly section 11-2703, R.C.M. 1947).

We perceive therefore in the statutes a legislative intent for a broad general grant of power to municipalities in their zoning regulations, and that implied in the power to restrict the use of land, as an exercise of police power, is the authority to adopt reasonable moratoriums. The procedure for the adoption of such moratoriums, however, must be according to the statutes out of which the implied authority arises. In this case, unless an urgency existed, it was the duty of the City Commission, intending to adopt a moratorium, to follow the procedure set forth in section 76-2-303 MCA (formerly section 11-2704, R.C.M. 1947). That statute provides that the municipality, in adopting "regulations and restrictions" must first provide a public hearing with notice to parties in interest and citizens. That procedure was not followed in this case.

The moratorium adopted here properly should have been enacted as an urgency measure under the procedures set forth in section 76-2-306 MCA (formerly 11-2711, R.C.M. 1947), relating to interim zoning ordinances. That statute limits such measures as to duration, and further, requires a public hearing with notice beforehand. Since this statute was not followed by the City Commission, the moratorium was invalid. It is only in following this statute that the City Commission could act on a moratorium without first referring the matter to the Zoning Commission. See section 76-2-307 MCA (formerly section 11-2706, R.C.M. 1947).

-7-

Not only did the City of Helena not follow a valid procedure in adopting the moratorium here, but it effected to adopt such a moratorium when it was considering a specific application for a conditional-use permit presented by Diehl. At that time, the authority of the City Commission in acting upon the application of Diehl was circumscribed by Helena City Ordinance 11-15-3. Under that ordinance, the Commission was mandated to approve, deny or change the recommendation of the Zoning Commission by resolution, and if it denied or changed the recommendation, to state its reasons in the resolution. Helena had before it only one application for a conditional-use permit, that of Diehl. Therefore, the adoption of the moratorium in effect constituted a denial of the permit without stating its reasons. The obvious purpose of Helena Ordinance 11-15-3, is to provide a final decision with respect to any such application. The office of the statement of reasons for denial or change is the same as the office of findings of a court. It provides a reviewing authority, such as a District Court, with a method of measuring whether the action of the City Commission is arbitrary or capricious.

This Court had a similar situation in State ex rel. Spring v. Miller (1976), 169 Mont. 242, 545 P.2d 660. In that case, Powell County had adopted a regulation which had the effect of preventing further subdivision in a Powell County area "for an interim period while further studies could be made." The regulation was adopted pursuant to section 76-2-206 MCA (formerly section 16-4711, R.C.M. 1947), but without complying with the notice and hearing requirements set forth in section 76-2-205 MCA (formerly section 16-4705, R.C.M. 1947). We held that temporary interim zoning regulations to be null and void for failure to follow the notice and hearing requirements before the adoption of the regulation. See also, Bryant Development Association v. Dagel (1975), 166 Mont. 252, 531 P.2d 1320.

-8-

In like manner, we hold the moratorium adopted by Helena in this case to be void and of no effect.

HELENA'S DUTY TO ACT:

The District Court mandated that the conditional-use permit be issued to Diehl forthwith. It added some prohibitions regarding further actions on the permit by Helena, but in essence, the mandamus, prohibition, and declaratory judgment of the District Court are all in the order of mandamus directing Helena to issue the permit without further ado. In this the District Court erred, because in any event, the City Commission of Helena has the discretion under its ordinances to take one of three actions on the permit application: approve, deny or change.

There is no power in our courts to control the discretion of a municipal body or officer by mandamus. Barnes v. Town of Belgrade (1974), 164 Mont. 467, 470, 524 P.2d 1112, and cases cited therein. An abuse of discretion by such a body or officer can be reviewed in proper cases in a proceedings for writ of review or certiorari. For example, Bryant, supra. Here the City Commission never got around to exercising its discretion regarding the conditional-use permit. Until that discretion is exercised, the right to act remains lodged in the City Commission, and no court may usurp the discretionary right of the City Commission to make one of the decisions provided by the ordinance on the Diehl application. We can however, compel the City Commission to act on the application, where a delay in the exercise of discretion appears to be arbitrary and capricious. Barnard v. McInerney (1973), 162 Mont. 309, 316, 511 P.2d 330, 343, and cases cited therein. The City Commission can be compelled to perform an act it is legally bound to perform. Erie v. State Highway Commission (1969), 154 Mont. 150, 153, 461 P.2d 207, 209. While the adoption of the moratorium and the processing of this appeal might be indications of the attitude

-9-

of the City Commission with respect to the Diehl application, we cannot completely say on the record that if the City Commission exercises discretion, it would not grant the conditional-use permit, or that it would deny or change the recommendation of the Zoning Commission without explaining its reasons. The record shows all of the requisite hearings have been held, the proceedings before the Zoning Commission are concluded, and all that remains for final action on the Diehl application is the decision of the City Commission. It may be necessary for the Commission to have one additional hearing before taking final action, but it is certainly within our power to compel the City Commission to proceed with all reasonable dispatch to a decision on the Diehl application. Barnes, supra.

Nothing we say here should be taken to indicate that we abrogate or relinquish in the slightest the role of judicial review and authority in matters such as the case under consideration. See the opinion and dissenting opinion in Lowe v. City of Missoula (1974), 165 Mont. 38, 525 P.2d 551.

OTHER ISSUES:

There are other issues raised by the parties to this appeal which we have no need under our holding to discuss. The District Court did not finally reach the question of constitutionality of Helena's zoning ordinances nor the statutes relating to zoning, as adopted or applied. It is not necessary to go into that issue here.

There is dispute among the parties as to whether the Helena Zoning Commission did in fact make a recommendation relating to the Diehl application. While Helena argues otherwise, it does appear the majority of the Zoning

Commission recommended issuance of the conditional-use permit, and the City Commission treated the application as having Zoning Commission approval.

No other issues require discussion.

In sum, the decision of the District Court in this case is reversed. The City of Helena and its City Commission are ordered to proceed with all reasonable dispatch to make and enter a resolution pursuant to Helena City Ordinance 11-15-3, approving, denying or changing the recommendation of approval by the Helena Zoning Commission of the Diehl conditional-use permit application; and further, if the same is denied or changed, said resolution shall state the reasons for such denial or change in accordance with the ordinance. This Court would not look with favor upon the adoption of any further interim moratorium under section 76-2-306 MCA, insofar as the same might apply to the Diehl application. Each party shall pay its own costs and attorney fees. A copy of this opinion served by the Clerk on counsel shall serve the office of writ of mandate insofar as the mandatory provisions of this opinion are concerned.

_____
                        Justice

We Concur:

_____
       Chief Justice

_____

_____
                 Justices

-11-

Mr. Justice Daniel J. Shea concurring with the majority Opinion.

I concur in the decision of the majority that a writ of mandamus was not a proper remedy, but I would not confine the ruling to such holding. The record reveals that there was absolutely no foundation for many of the crucial findings and conclusions reached by the District Court. The District Court adopted virtually in toto the proposed findings and conclusions presented by The Diehl Company, and they were totally without an evidentiary foundation. Indeed, when the smoke was cleared away, one cannot find evidence that there was ever a flame.

Because of the unusual circumstances surrounding the need for an immediate decision in this case, I have not yet prepared a detailed analysis of the evidence upon which the District Court acted. I will do so at a later time but I will not delay the opinion.

Daniel J. Shea
Justice