IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14739

THE STATE OF MONTANA, ex rel. THE
BOARD OF PERSONNEL APPEALS,

Relators,

vs.

THE DISTRICT COURT OF THE ELEVENTH
JUDICIAL DISTRICT, OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
FLATHEAD, AND THE HON. ROBERT SYKES,
PRESIDING JUDGE,

Respondents.

FILED

AUG 15 1979

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

OPINION AND ORDER

This matter comes before us on the petition of the State
of Montana through its Board of Personnel Appeals as relators,
asking us either to stay or vacate by writ of supervisory
control or otherwise, a writ of mandate issued against BPA
out of the District Court, Eleventh Judicial District, Flathead
County.

In the District Court, Bigfork Teachers Association (BTA)
had filed its petition for writ of mandate or other appropriate
writ against Robert R. Jensen, as administrator of the Board
of Personnel Appeals (BPA) requesting that he be ordered to hold
a decertification election to determine that the Bigfork
Area Education Association (BAEA) was no longer the bargaining
agent for teachers employed in School District No. 38,
Flathead and Lake Counties.

It appears that BAEA had been recognized by School
District No. 38 as the exclusive representative for collective
bargaining for the teachers employed in the Bigfork schools.
The parties had negotiated a two year contract, beginning
July 1, 1976, and were engaging in collective bargaining for

-1-

a successor contract during the spring and summer of 1978. BAEA and the School District failed to reach an agreement on such successor contract.

BAEA had filed with BPA a number of unfair labor practice charges against the School District. These charges were pending before BPA at the time the petition for a decertification election was filed by BAEA. The administrator took the position, and notified the parties, that until the Board's investigation and decision on the unfair labor practice charges was completed, BPA would not schedule a decertification election until it was assured "that the necessary laboratory conditions are present."

The Bigfork Area Education Association intervened in the District Court action as an interested party.

The District Court, after hearing, argument, and submission of briefs by all parties, issued its writ of mandate requiring BPA to "forthwith conduct an election" to determine the question of the proper bargaining representative for the members of the teachers' unit.

The application of BPA to this Court for an order to stay or vacate the writ of mandate followed.

A writ of mandate is an extraordinary writ which, according to statute, may be issued by a District Court "to compel the performance of an act which the law specially enjoins as a duty resulting from an office." Section 27-26-102 MCA. Without a clear legal duty, mandamus does not lie. Cain v. Department of Health, Etc. (1978), ____ Mont. _____, 582 P.2d 332, 35 St.Rep. 1056. The basic question for our decision in this case therefore, is whether BPA has a present affirmative legal duty to hold a decertification election. We hold that it does not.

The "laboratory conditions" under which BPA conducts a decertification election occur where there are no pending charges against the employer, of conduct constituting an unfair

labor practice. The purpose of BPA in seeking laboratory conditions is to accomplish a fair election and to determine the uninhibited desires of the employees.

In seeking the laboratory conditions, BPA is following the lead of the National Labor Relations Board which interprets and administers the Labor Management Relations Act under federal statutes, 29 U.S.C. §141 et seq. The NLRB has adopted what it calls the "blocking charge" rule to the effect that it will not conduct an election to determine the bargaining representative of a group where there is pending against the employer charges of unfair labor practice. Application of the "blocking charge" rule by NLRB has been held to be within its administrative procedural practices. Furr's Inc. v. N.L.R.B., (10th C.A. 1965), 350 F.2d 84, 59 LRRM 2769. It is said in Surprenant Mfg. Co. v. Alpert (1st C.A. 1963), 318 F.2d 396, 53 LRRM 2405:

> "Whenever, shortly prior to a representation election, it is charged that the employer has engaged in an unfair labor practice which might affect the outcome, the Board, upon investigation and a determination that the charge has prima facie merit, customarily postpones the election until it has been found that no unfair labor practice has been committed, or until the union waives any claim to rely upon the employer's conduct to invalidate the election. There is no provision in the statute, or even any regulation, which expressly authorizes such action, but, concededly, the Board has followed this 'blocking charge' procedure from the beginning. United States Coal and Coke Company, (1937), 3 NLRB 398; Third Annual Report of the NLRB (1939) 143. So far as we can discover it has never been judicially overturned."

We held in State, Dept. of Hwys. v. Public Employees Craft Coun. (1974), 165 Mont. 349, 529 P.2d 785, and in Local 2390 of Amer. Fed., Etc. v. City of Billings (1976), 171 Mont. 20, 555 P.2d 507, 93 LRRM 2753, that it is appropriate for the BPA to consider NLRB precedents in interpreting and administering the Public Employees Collective Bargaining Act.

-3-

BTA contends that it is improper for BPA to apply the "blocking charge" rule since it has not been adopted by regulation nor has the power been granted by statute to BPA. However, in view of the federal precedents, it appears to be proper and logical to determine that in the conduct of a certification election, BPA has certain discretionary powers in order to assure that an election for a bargaining agent, when held, will be held under the best possible conditions insofar as the freedom of choice of the employees involved is concerned. The legislature appears to have given BPA a broad discretionary power in this matter in section 39-31-202, MCA, wherein it is stated:

> "Board to determine appropriate bargaining unit - factors to be considered. In order to assure employees the fullest freedom in exercising the rights guaranteed by this chapter, the board or an agent of the board shall decide the unit appropriate for the purpose of collective bargaining and shall consider such factors as community of interest, wages, hours, fringe benefits, and other working conditions of the employees involved, the history of collective bargaining, common supervision, common personnel policies, extent of integration of work functions and interchange among employees affected, and the desires of the employees."

The duty of BPA on the presentation of a petition to determine the bargaining representative is set forth in section 39-31-207, MCA. There it is stated in pertinent part:

> "(1) The board or an agent of the board shall investigate the petition and, if it has reasonable cause to believe that a question of representation exists, it shall provide for an appropriate hearing upon due notice whenever, in accordance with such rules as may be prescribed by the board, a petition has been filed:
>
> "(a) by an employee or group of employees or any labor organization acting in their behalf alleging that 30% of the employees:
>
> ". . .
>
> "(ii) assert that the labor organization which has been certified or is currently being recognized by the public employer as bargaining representative is no longer the representative of the majority of employees in the unit; or
>
> ". . ." (Emphasis added.)

-4-

In view of the discretionary provisions that are set forth in sections 39-31-202, MCA, and 39-31-207, MCA, BPA may not be required by writ of mandate to conduct an election forthwith, absent a showing of an abuse of discretion by BPA.

There is therefore no clear legal duty on the part of BPA to conduct the decertification election forthwith. As long as the blocking charges are not being used simply to delay the decertification election, and until BPA is satisfied that the necessary laboratory conditions exist, BPA is under no clear statutory duty to conduct the decertification election. Section 39-21-207, MCA.

Accordingly,

IT IS ORDERED:

1. The writ of mandate dated March 12, 1979 by the District Court for the Eleventh Judicial District of the State of Montana, in and for the County of Flathead, in its cause no. DV-79-008, is hereby vacated and set aside.

2. Copies of this opinion shall be served by the Clerk of this Court by ordinary mail upon the said District Court and counsel of record.

_____
                  Justice

We Concur:

_____
            Chief Justice          ,

_____

_____
            Justices

Mr. Justice Daniel J. Shea, deeming himself disqualified, did not participate.

-5-