No. 84-25

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

LAWRENCE LIEBMAN and THELMA
LIEBMAN,

                    Plaintiffs and Appellants,

        -vs-

DON BRUNELL, Mayor of the CITY OF
WALKERVILLE, the CITY COUNCIL;
DON PEOPLES & COUNCIL OF COMMISSIONERS
of Butte-Silver Bow,

                    Defendants and Respondents.

APPEAL FROM:   District Court of the Second Judicial District,
               In and for the County of Butte-Silver Bow,
               The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

               Joseph C. Engel, III, Butte, Montana

        For Respondents:

               Robert McCarthy, County Attorney, Butte, Montana
               Robert J. Holland, Butte, Montana

                    Submitted on Briefs:   May 3, 1984

                              Decided:   October 9, 1984

Filed: OCT 9 1984


_Ethel M. Harrison_
_____
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The petitioners, Lawrence and Thelma Liebman, appeal from an order of the Silver Bow County District Court dismissing their petition for a writ of mandamus. The writ was sought to compel the City-County of Butte-Silver Bow, or in the alternative, the City of Walkerville, to declare the premises adjacent to petitioners' a public nuisance, and abate the same. The trial court held that the premises did not constitute a public nuisance.

We affirm, but on a different basis. We do not reach the substantive issues presented because the petitioners failed to show that they formally requested the respondents to abate the alleged nuisance before filing their petition for a writ of mandamus. Their petition is therefore premature and must be dismissed.

As a general rule, before mandamus will issue to a public officer, board or municipality, a demand for the performance of the act sought to be compelled is required. State ex rel. School District No. 29, Flathead County v. Cooney (1936), 102 Mont. 521, 59 P.2d 48. The reason for this rule is apparent. Because they failed to make a formal demand, neither the petitioners nor any court can say with certainty that the respondents would have refused to abate the alleged nuisance upon request. Under the facts here, the public officials should not be subjected to the harsh remedies of mandamus, including the payment of attorney fees, unless they refused to take action after a request had been made. If a request had been made and they refused to take action, then, of course, the question becomes whether the

- 2 -

premises involved did constitute a nuisance and whether the officials acted reasonably in response to the request to abate the nuisance.

In their pleadings, the petitioners alleged they had made formal demand upon the City, but in its answer the City denied this allegation. At most, the record affirmatively establishes that Mrs. Liebmann spoke briefly to one of the volunteer firemen at the fire station concerning the problem, although the record does not indicate the substance of the conversation. Furthermore, after the order of dismissal, the petitioners filed a motion to amend the findings and conclusions and in effect admitted in their motion that they had never made a request upon city officials to inspect the premises.

We affirm the order dismissing the petition for a writ of mandamus.

_____
                        Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices