No. 84-123

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

BILLINGS FIREFIGHTERS LOCAL 521,

Petitioner and Appellant,

-vs-

CITY OF BILLINGS,

Defendant and Respondent.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hjort, Lopach & Tippy; Barry L. Hjort argued,
Helena, Montana

For Respondent:

Peterson, Schofield & Leckie; K.D. Peterson argued,
Billings, Montana

---

Submitted:  October 2, 1984

Decided:  January 4, 1985

Filed:  JAN 4 1985

*Ethel M. Harrison*

---
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Billings Firefighters Local 521 (Firefighters) is the duly elected and certified bargaining representative for all firefighters employed by the City of Billings, except the chief and assistant chief. The City of Billings is a charter-form municipality of the State of Montana. As permitted by the 1972 Montana Constitution, the electorate of the City of Billings adopted a self-government charter in 1976 with an effective date of May 2, 1977.

Acting under its charter, the Billings City Council adopted City Ordinance No. 82-4478 on December 13, 1982. That ordinance purports to create a fire service that is exempt from all but two provisions of state law regarding municipal fire departments.

The Firefighters challenged the validity of the ordinance. The District Court ruled that the ordinance was a permissible exercise of the City's self-government powers. We reverse the judgment of the District Court.

The issues on appeal are:

1. Did the District Court err in concluding that the City of Billings was not prohibited by any provision of §§ 7-33-4101, et seq., MCA from superseding all but two provisions of Part 41 of Title 7, Chapter 33, MCA?

2. Did the District Court err in concluding that § 7-1-111(2), MCA did not prohibit the City from superseding all but two provisions of Part 41 of Title 7, Chapter 33, MCA?

3. Did the District Court err in failing to conclude that the City violated § 7-1-114(1)(f), MCA by superseding all but two provisions of Part 41 of Title 7, Chapter 33, MCA?

Prior to the 1972 Montana Constitution and during the period that the 1889 Montana Constitution controlled, cities could exercise only such powers as were expressly granted to

them by the State, together with such implied powers as were necessary for the execution of the powers expressly granted. Any fair, reasonable or substantial doubt regarding the existence of the power was resolved against the municipality and in favor of the State. Davenport v. Kleinschmidt (1887), 6 Mont. 502, 527-28, 13 P. 249, 253; John F. Dillon, 1 Commentaries on the Law of Municipal Corporations § 92 at 142-43 (5th ed.).

The 1972 Constitution made substantial changes, including granting to cities the opportunity to adopt charters with self-government powers with unlimited power vested in the city subject to certain exceptions contained in the constitution, law or charter itself.

> "The 1972 Montana Constitution, in addition to providing for the continuance of the . . . town governmental forms already existing, opened to local governmental units new vistas of shared sovereignty with the state through the adoption of self-government charters. Whereas the 1972 Montana Constitution continues to provide that existing local governmental forms have such powers as are expressly provided or implied by law (to be liberally construed), 1972 Mont. Const., Art. XI, § 4, a local government unit may act under a self-government charter with its powers uninhibited except by express prohibitions of the constitution, law, or charter, 1972 Mont. Const., Art. XI, § 6." State ex rel. Swart v. Molitor (Mont. 1981), 621 P.2d 1100, 1102, 38 St.Rep. 71, 72-73.

Prior to 1972, the general rule was that a local goverment lacked power unless that power was specifically granted under state law. Under the current shared powers concept, the general rule is that a local government with self-government powers possesses all powers not specifically denied by state constitution, law or charter.

Section 7-1-103, MCA defines the extent of shared sovereignty given to self-government units, such as the City of Billings:

> "A local government unit with self-government powers which elects to provide a service or perform a function that may also be provided or performed by a general power government unit is not subject to any limitation in the provision of that service or performance of that function except such

3

limitations as are contained in its charter or in state law specifically applicable to self-government units."

Section 7-1-106, MCA directs that reasonable doubt as to the existence of a self-government power shall be resolved in favor of the City:

"The powers and authority of a local government unit with self-government powers shall be liberally construed. Every reasonable doubt as to the existence of a local governmental power or authority shall be resolved in favor of the existence of that power or authority."

The Billings City Ordinance No. 82-4478 purports to supersede most of state law pertaining to municipal fire departments. Section 2.5.010 of the ordinance provides:

"SUPERSEDING STATE LAW. Pursuant to the City's self government powers, it hereby supersedes State Law as contained and set forth in Montana Codes Annotated (MCA), Title 7, Chapter 33, Part 41 EXCEPT MCA, 7-33-4128 and 7-33-4129."

The excepted § 7-33-4128, MCA requires firefighters to be paid a minimum wage. Section 7-33-4129 was repealed in 1983 and is therefore not relevant to this appeal.

Whether a self-government unit, such as the City of Billings, can choose to exempt itself from provisions of state law regarding municipal fire protection is a question of first impression before this Court.

I

Article XI, § 6 of the Montana Constitution defines the scope of self-government powers as "any power not prohibited by this constitution, law, or charter . . .." Under its charter, the City of Billings assumed "all powers possible for a self-government city to have under the Constitution and laws of this state . . .." Art. 1, § 1.01, City of Billings Charter (1977). The charter also requires the Billings City Council to review and where necessary revise and repeal all city ordinances to provide that they comply with the city charter. Art. VII, § 7.04, City of Billings Charter (1977).

The Billings City Charter provides that the City Administrator shall appoint, suspend and remove all employees of the City. Art. IV, § 4.03(F), City of Billings Charter (1977). In contrast, state law specifies that the Chief of the Fire Department shall have sole command of the department and shall possess full authority to discipline firefighters. Section 7-33-4104(1), MCA.

According to the City, Ordinance No. 82-4478 was adopted to resolve inconsistencies between the authority given to the City Administrator under its charter and conflicting provisions of state law. The Firefighters insist, on the other hand, that the ordinance was passed in retaliation for an incident in which the Chief of the Fire Department refused to follow the City Council's recommendation to discharge a particular firefighter.

The Firefighters applied to the District Court for a writ of mandamus or prohibition and filed a complaint for declaratory judgment declaring that the City Council acted illegally in adopting an ordinance that purports to supersede mandatory state law. The District Court denied the Firefighters' application for a writ of mandamus or prohibition. The court declared that the ordinance was a permissible exercise of the City's self-government powers and was therefore valid.

The central issue of this case centers on the authority of a local self-government unit to supersede statutory provisions pertaining to a service that is mandated by state law. The dispute between the parties requires construction of numerous statutory provisions pertinent to the establishment and maintenance of a municipal fire department, the power and authority of a local self-government unit, the powers denied to a local self-government unit, and provisions of state law that are mandatory upon local self-government units. Because

of the manner in which the numerous statutes interplay, the central issue is divided into three sub-issues for analysis.

II

Did the District Court err in concluding that the City of Billings was not prohibited by any provision of § 7-33-4101, et seq., MCA from superseding all but two provisions of Part 41 of Title 7, Chapter 33, MCA?

The focus of the first issue is whether the self-government powers of the City of Billings include the power to supersede state law regarding municipal fire departments.

Section 7-33-4101, MCA provides:

"*Fire department authorized and required.* In every city and town of this state there shall be a fire department, which shall be organized, managed, and controlled as provided in this part."

With one exception not relevant here, Part 41 of Title 7, Chapter 33, MCA governs and controls "fire departments in every city or town organized under whatever form of municipal government . . ." Section 7-33-4102(1), MCA. State law regarding municipal fire departments was originally enacted in 1899 and the above-quoted provisions of state law existed at the time cities were first authorized to exercise self-government powers. See § 7-1-101, et seq., MCA.

Section 7-1-113, MCA prohibits a local government with self-government powers from exercising any power inconsistent with state law. "The exercise of a power is inconsistent with state law or regulation if it establishes standards or requirements which are lower or less stringent than those imposed by state law or regulation." Section 7-1-113(2), MCA.

We note that certain sections of Part 41, which the Billings Ordinance purports to supersede, include provisions regarding state qualifications for firefighters, physical examination of applicants for the position of firefighter,

6

and funding of group insurance for firefighters. Sections 7-33-4107, -4108 & -4130, MCA. These statutory provisions define state standards that have nothing to do with the structure or organization of fire departments.

Article XI, § 5(3), of the Montana Constitution states that charter provisions establishing executive, legislative and administrative structure and organization are superior to statutory provisions. We conclude that the three statutory provisions cited above are not executive, legislative or administrative in nature. They define minimum state standards.

The City contends that its self-government charter powers include the power to supersede the above-cited state standards. The ordinance specifies that the City Administrator shall organize the fire service, present an annual budget to the City Council, formulate rules and regulations for the fire service, and recommend adoption of safety codes by the City Council. Section 2.52.020, Billings City Ordinance No. 82-4478 (1983). The ordinance does not contain any local standards for the qualification of firefighters, physical examination of applicants or provision of group insurance for firefighters.

Because the state statutes regarding the qualifications of, physical examination of, and group insurance for firefighters define minimum state standards and the Billings Ordinance sets forth no standards governing these areas of legislative concern, the local provisions are "lower or less stringent than those imposed by state law." Section 7-1-113(2), MCA.

In reaching this conclusion, we are not analyzing or attempting to rule upon other standards which may be contained in Part 41 of Title 7, Chapter 33, MCA.

We hold that the District Court erred in concluding that City of Billings has the self-government power to supersede

7

all state law pertaining to municipal fire departments, except the statutory minimum wage.

## III

Did the District Court err in concluding that § 7-1-111(2), MCA did not prohibit the City from superseding all but two provisions of Part 41 of Title 7, Chapter 33, MCA?

Section 7-1-111(2), MCA provides:

"A local government unit with self-government powers is prohibited the exercise of the following:

. . .

"(2) any power that applies to or affects the provisions of Title 39 (labor, collective bargaining for public employees, unemployment compensation, or workers' compensation) or 7-33-4128, except that subject to those provisions, it may exercise any power of a public employer with regard to its employees."

In superseding all but two provisions of Part 41 of Title 7, Chapter 33, MCA, the Billings Ordinance followed § 7-1-111(2), MCA in part by exempting § 7-33-4128, MCA from the statutes it purported to supersede. The only question remaining is whether or not the ordinance "applies to or affects the provisions of Title 39."

The Firefighters contend that the sole motivation for the City Council's adoption of the ordinance was the attempted discipline of a firefighter and the dispute that resulted between the City Administrator and the Firefighters concerning disposition of the individual firefighter's grievance under the arbitration procedure set forth in the collective bargaining agreement between the City and the Firefighters. The Firefighters further contend that the City Administrator's recommendation that the City Council supersede certain state statutes in the exercise of its self-government powers arose during the course of collective bargaining negotiations between the City and the Firefighters in April of 1983. Thus, the Firefighters contend that

8

adoption of the ordinance constitutes a violation of § 7-1-111(2), MCA in that certain of the superseded statutes plainly applied to or were affected by provisions of Title 39 (collective bargaining for public employees). After a review of the Billings City Charter and Ordinance No. 82-4478, we conclude that neither applies to or affects the provisions of Title 39.

We hold that the District Court correctly concluded that § 7-1-111(2), MCA did not prohibit the City from superseding all but two code sections of Part 41 of Title 7, Chapter 33, MCA.

IV

Did the District Court err in failing to conclude that the City violated § 7-1-114(1)(f), MCA by superseding all but two provisions of Part 41 of Title 7, Chapter 33, MCA?

Notwithstanding its broad self-government powers, a city must provide any service required by state law. Section 7-1-114(1)(f), MCA provides:

"A local government with self-government powers is subject to the following provisions:

. . .

"(f) Any law directing or requiring a local government or any officer or employee of a local government to carry out any function or provide any service."

With regard to the requirement of a municipal fire department, § 7-33-4101, MCA provides:

"In every city and town of this state there shall be a fire department, which shall be organized, managed and controlled as provided in this part."

It is clear from this section and subsequent sections that every city must have a municipal fire department. As previously mentioned, under Art. XI, § 5(3), Mont. Const., charter provisions establishing executive, legislative and administrative structure and organization control over statutory provisions. As a result, the organization and management structure of the fire department may properly be

9

subject to the self-government powers of a city. However, that does not address the basic requirement of a municipal fire department.

In pertinent part the Billings Ordinance provides:

"2.52.020 FIRE SERVICE. The City shall provide fire prevention and suppression service to the residents of the City. The purpose of the service will be to aid in the prevention and suppression of human suffering and property loss caused by fires. The City Administrator or his designees shall:

"(a) Organize the Fire Service as provided in the City Charter . . ."

The Billings City Ordinance purports to supersede all of § 7-33-4101, MCA, which includes the requirement that the City shall have a municipal fire department. The Ordinance does not contain a similar requirement for a municipal fire department for the City. It provides that the City shall provide fire prevention and suppression service but that apparently could include service by parties other than a fire department of the City itself.

While it is true that the City contends that it does plan to continue to provide fire prevention and suppression service under Billings City Ordinance No. 82-4478, the language of the ordinance is unambiguous in that it purports to supersede a mandatory provision of state law without a similar mandatory provision in the ordinance. As this Court noted in Harlen v. City of Helena (Mont. 1984), 676 P.2d 191, 194, 41 St.Rep. 162, 165-66, "we know of no rule of law that allows us to consider the City's intentions as opposed to the unambiguous language of the ordinance."

We hold that in attempting to supersede all of § 7-33-4101, MCA, including the mandatory provision for a municipal fire department, the Billings City Ordinance violates § 7-1-114(1)(f), MCA.

In reaching this conclusion, we are not considering or ruling upon possible conflicts between other sections of Part 41 of Title 7, Chapter 33, MCA and § 7-1-114(1)(f).

10

The cause is remanded to the District Court for the entry of a declaratory judgment that Billings City Ordinance No. 82-4478 is contrary to law and was adopted in excess of the self-government powers granted to the City of Billings.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

11