No. 86-190

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE, ex rel., THOMAS AND DONALD
CHISHOLM,

        Relators,

   -vs-

THE DISTRICT COURT OF THE SEVENTEENTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
VALLEY, THE HON. R.C. McDONOUGH,
THE DISTRICT JUDGE PRESIDING,

        Respondents.

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Relators:

        Erik B. Thueson argued, Great Falls, Montana

    For Respondent:

        Habedank, Cumming, Best, Maltese & Savage; Robert
        Savage argued, Sidney, Montana
        Hon. Russell McDonough, District Judge, Glendive,
        Montana

Submitted: September 9, 1986

Decided: December 30, 1986

Filed: DEC 30 1986

_Ethel M. Harrison_

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case is before the Court on a petition for a writ of mandamus pursuant to § 27-26-101, MCA, Art. VII, § 2 of the Montana Constitution which allows a petition of supervisory control, and Rule 17, M.R.App.Civ.P., which allows the issuance of extraordinary writs when there is not a speedy and adequate remedy by appeal. We decline to issue the writ.

The relators (Chisholms) filed a suit against Nelson Corscadden for conversion in the District Court of the Seventeenth Judicial District, in and for Valley County, Montana. Before the case came to trial, Corscadden filed for bankruptcy. Chisholms then filed a complaint against First National Bank of Glasgow, Montana, in the same court. The complaint alleging the Bank secretly conspired to deprive them of their property rights in certain property which is the subject of the action against Corscadden. Subsequently, Chisholms petitioned the bankruptcy court to abstain from asserting jurisdiction to allow them to proceed against Corscadden, but the court refused.

Shortly before the trial against the Bank was scheduled to begin, the Bank moved the District Court for partial summary judgment as to ownership of any disputed property. The District Court abstained from asserting jurisdiction over the issue of ownership, but refused to grant summary judgment unless Chisholms "diligently" refused to pursue an action in the bankruptcy court to determine ownership.

It is from this order the petition for writ ensued, asking us to order the District Court to withdraw its order

2

and reschedule the trial of Chisholm v. First National of Glasgow.

A writ of mandamus "is an extraordinary remedy, not to be had merely for the asking, but to be obtained only in those rare cases wherein there is not any plain, speedy and adequate remedy in the ordinary course of law; . . ." State ex rel. Duggan v. District Court (1922), 65 Mont. 197, 199, 210 P. 1062, 1063. "[A] writ will issue only when there has been a showing that a clear legal duty exists and there is no speedy or adequate remedy in the ordinary course of law." State ex rel. Intake Water Co. v. Board of Natural Resources and Conservation (1982), 197 Mont. 482, 487, 645 P.2d 383, 386; Cain v. Department of Health (1978), 177 Mont. 448, 451, 582 P.2d 332, 334; § 27-26-102(2), MCA.

> In determining whether action by a court or judge may be compelled by the writ of mandate, the essential questions to be decided are, whether the act sought to be compelled is one "which the law specially enjoins as a duty resulting from an office, trust or station," . . . and whether there is "a plain, speedy and adequate remedy in the ordinary course of law." . . . A negative answer to the first question bars the issuance of the writ, and, irrespective of the answer to that question, an affirmative answer to the second, divests the court of authority to issue it.

State ex rel. County of Musselshell v. District Court (1931), 89 Mont. 531, 534, 300 P.2d 235, 236. Although an affirmative answer to the second question is dispositive, we note the District Court has a clear legal duty not to hear a case over which it has no jurisdiction.

More importantly, however, Chisholms have not shown they do not have a plain, speedy and adequate remedy in the ordinary course of the law. They were directed by the

3

bankruptcy court to file an adversary complaint in the bankruptcy court, which they have failed to do.

They argue their remedy against Corscadden in bankruptcy court is limited, since he is bankrupt and there are several other creditors involved. A determination of ownership of the property by the bankruptcy court, however, does not preclude a remedy against the Bank. If it is determined the property belongs to Chisholms, they can proceed with their action against the Bank in state court. If it is determined the property belongs to Corscadden, Chisholms have the right of appeal from the bankruptcy court's order; and may proceed in state court on allegations of the complaint not based upon the title to the disputed property.

Chisholms' argument they will not be afforded due process of law under the bankruptcy court's procedure is without merit. Provision for jury trials appears in the bankruptcy court's rules, Federal statutes, 28 U.S.C. 1480, and case law. The dispute between Chisholms and Corscadden arises from the alleged breach of a written contract.

> [I]n actions sounding in account and contract there is a right to a jury trial under the seventh amendment to the Constitution. Matter of Kakolewski, 29 B.R. 572 (Bankr.D.Mo. 1983). Actions to establish liability on a debt require a jury trial. In re Lamb 29 B.R. 950, (Bankr.E.D. Tenn. 1983). In an action for breach of contract, a defendant has the right to have a jury determine whether the contract has been breached, and, if so, what are the damages. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44, (1961). In Dairy Queen the relief requested was purely equitable--an injunction and an accounting. However, because the basis of the action was a claim for breach of contract it was legal in nature, warranting trial. Id., at 479, 82 S.Ct. at 900.

In Re Energy Resources Co., Inc. (1985), 49 B.R. 278, 282. See also Beacon Theaters, Inc. v. Westover (1959), 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988. In any event, Chisholms

4

have not yet requested a jury trial in the bankruptcy court, nor has the court ruled they are not entitled to one. Moreover, nothing in the record indicates that once an adversarial action is filed in bankruptcy court it will not be handled expeditiously.

The property in question is subject to the jurisdiction of the bankruptcy court by virtue of Corscadden's filing a voluntary petition under Chapter 11 of the Bankruptcy Code. After the bankruptcy court determines whether the property is part of the bankrupt's estate, further appropriate action may be brought.

We find there is a plain, speedy and adequate remedy available to Chisholms and therefore the petition for writ of mandamus is denied.

_____
Justices

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5

Mr. Justice Frank B. Morrison, Jr. dissents as follows:

The majority opinion mistakenly assumes that title to certain Corscadden property is at issue in the state district court case. This is not true and the whole premise of the majority opinion is fallacious.

It is true that Chisholm sued Corscadden in state district court for conversion. In a separate action the plaintiff sued the bank for bad faith alleging that the bank conspired with Corscadden to take Chisholm's property. In neither event is title to the property being litigated because a conversion action recognizes title in the other person but seeks damages for the wrongful taking of that property. Our review here is only of the action against the bank which is not a party to the bankruptcy action.

The bankruptcy court is charged with the responsibility of marshalling assets belonging to Corscadden and should do so. The issues to be litigated in state district court have nothing to do with the issues in the bankruptcy court.

The case in state district court with which we are here confronted, involves alleged actions by the bank unlawfully interfering with Chisholm's property interests. If the allegations are true the bank was guilty of bad faith and is liable for punitive damages. It must be emphasized once more that title to the property is not an issue. Recognizing title to be in Corscadden, Chisholm alleges that the bank wrongfully took those interests from him and is liable for the reasonable value of the interests together with other damages.

The bankruptcy court itself has recognized that the issues in state district court are entirely different. By order dated April 3, 1986, the bankruptcy court stated:

> Corscadden is not a party to the state court action [between the bank and the plaintiffs] but is merely a potential witness . . . while the automatic state provisions of the bankruptcy code are intended to provide the debtor certain safeguards, the protection debtor seeks here is not within the statute. While some parallels may attach between the pending state court action and the debtor's bankruptcy petition, debtor's concerns of res judicata is unfounded due to the difference in party and prayer for relief.

We are confronted with a situation where the bankruptcy court itself has said the issues are different and results of litigation between the bank and Chisholm will not affect proceedings in the bankruptcy court. Yet the state district court has refused jurisdiction to Chisholm so that Chisholm can proceed on his bad faith claim against the bank. Amazingly this Court approves.

I must express my extreme frustration with the treatment accorded these issues. The majority opinion does not address the issues in the case. Essential facts are not mentioned in the opinion. The casual reader of advance sheets would glance through the majority opinion without realizing how far off the mark the decision is. I have tried, without success, to intelligently debate the case in the Court conference. I am now left with being a voice in the wilderness on a case where the majority fails to even discuss the dispositive issues.

I dissent to the decision. I dissent to the decision making process.

Justice

7