NO.  95-267

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JOHN FRANCHI,

      Relator and Appellant,

  v.

THE COUNTY OF JEFFERSON, MONTANA, PAUL
RUFFATTO, LEONARD WORTMAN, and DAVID ANDERSON,
Jefferson County Commissioners, THE JEFFERSON
COUNTY COMMISSION, and SUSAN MILLER,
Jefferson County Treasurer,

      Respondents and Respondents.

FILED

DEC 14 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Fifth Judicial District,
                In and for the County of Jefferson,
                The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert T. Cummins, Attorney at Law,
          Helena, Montana

      For Respondent:

          Valerie D. Wilson, Jefferson County Attorney,
          Boulder, Montana

                Submitted on Briefs:  November 30, 1995

                         Decided:  December 14, 1995

Filed:

_____
             Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

On January 5, 1994, John Franchi filed a petition for writ of mandate in the District Court for the Fifth Judicial District in Jefferson County in which he requested that the court direct the Jefferson County Board of Commissioners to rescind the establishment of the Boulder Mosquito Control District fee and order the Jefferson County Treasurer to refund fees already collected for the District. On January 5, 1994, the District Court granted the writ and ordered the Board of Commissioners to comply with § 7-22-2432(2), MCA, which governs the financing of mosquito control districts, or in the alternative, to appear and show cause why they should not comply. After a hearing on November 9, 1994, the District Court issued an order which quashed the writ of mandate and dismissed Franchi's petition. Franchi appeals the court's order. We affirm the order of the District Court.

The issue on appeal is:

Did the District Court err when it denied Franchi's application for a writ of mandate?

FACTUAL BACKGROUND

In 1973, the Jefferson County Board of Commissioners created the Boulder Mosquito Control District for the purpose of controlling mosquitoes within its boundaries, which include the town of Boulder and the surrounding rural area in the upper Boulder Valley. Prior to July 1, 1992, the District was funded by a tax of

2

five mills on the taxable value of all property situated within the District, pursuant to § 7-22-2432(1), MCA.

On March 11, 1992, pursuant to § 7-22-2432(2), MCA, the Board of Commissioners passed Resolution 4-92, which called for an election to determine whether the voters in the Mosquito Control District approved the imposition of annual fees, in addition to the five mills then levied to support the District. The Commissioners' Resolution provided that the election would be held on June 2, 1992, in conjunction with the primary election.

On June 2, 1992, 531 registered voters voted on the issue of the imposition of fees for the Mosquito Control District. Of those, 282 voted in favor of imposing the fees, and 246 voted against additional fees. There has been no challenge to the qualifications of those electors who voted on the issue.

On June 4, 1992, the County Commissioners concluded that a majority of the voters had voted in favor of the additional fees, and pursuant to their resolution and the election results, imposed the additional fees. In accordance with § 7-22-2432(4), MCA, the fees were included in the yearly tax notices.

Franchi, who owns real property within the District, paid the fees in 1992 and 1993 "under protest." He did not, however, file a tax protest lawsuit after he made the payments, as provided by § 15-1-406, MCA. On January 5, 1994, however, within ninety days after his 1994 "protested" tax payment, Franchi petitioned the District Court in Jefferson County for a writ of mandate to direct

the County Commissioners to rescind their action and resolution which established the fees, and to mandate the County Treasurer not to expend any further funds from the Mosquito District account, not to collect any further fees assessed, and to refund all fees in the account to those who had paid them.

On April 28, 1995, the District Court dismissed Franchi's petition for writ of mandate. The court concluded that Franchi's action was barred by the statute of limitations provided in § 13-35-107, MCA. The court further concluded that even if Franchi was entitled to some form of relief, a writ of mandate was not an available remedy because Franchi had an adequate legal remedy pursuant to § 15-1-406, MCA, which provides that an aggrieved taxpayer may bring a declaratory judgment action to determine if a tax was illegally or unlawfully imposed.

DISCUSSION

Did the District Court err when it denied Franchi's application for a writ of mandate?

The issuance or denial of a writ of mandate calls for a conclusion of law which we will review to determine if it is correct. *Phillips v. City of Livingston* (1994), 268 Mont. 156, 161, 885 P.2d 528, 531. Pursuant to § 27-26-102, MCA, a two-part standard applies to the issuance of a writ of mandate. *State ex rel. Chisholm v. District Court* (1986), 224 Mont. 441, 443, 731 P.2d 324, 325. A writ is available when the party who requests it is entitled to the performance of a clear legal duty, and where there is no available

4

speedy and adequate remedy in the course of law. Section 27-26-102, MCA. *State ex rel. Cobbs v. Montana Dept. of Social and Rehab. Svcs.* (Mont. 1995), 52 St. Rep. *1166, 1167* (citing *State ex rel. Galloway v. City of Great Falls* (1984), 211 Mont. 354, 350, 684 P.2d 495, 497). In *Chisholm, we* clarified the inquiry: "A negative answer to the first question bars the issuance of the writ, and, irrespective of the answer to that question, an affirmative answer to the second, divests the court of authority to issue it." *Chisholm,* 731 P.2d at 325.

In this case, as the District Court noted, it is clear that Franchi has an adequate statutory remedy pursuant to § 15-1-406 (1)(b), MCA, which provides:

> An aggrieved taxpayer may bring a declaratory judgment action in the district court seeking a declaration that:
> . . . .
> (b) a tax authorized by the state or one of its subdivisions was illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax.

In addition, § 15-1-408, MCA, provides in part:

> If the district court determines that the tax was illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax, the judgment may direct:
> (1) that the revenue collected under the illegal tax be directly refunded to the taxpayers who have paid the illegal tax and who have not been excluded from the action . . .

Franchi sought a writ to have the Mosquito Control District fees, which are imposed in the nature of a property tax, declared unlawful, and the tax money refunded to him. It is clear, however, that Franchi has a "speedy and adequate" remedy in the course of

5

law in the form of an action for a declaratory judgment. As we noted above, where there is an adequate legal remedy the district court has no authority to issue a writ of mandate. *Chisholm*, 731 P.2d at 325. We therefore conclude that the District Court's order which denied Franchi's writ was correct. We affirm the order and judgment of the District Court.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

December 14, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Robert T. Cummins
Attorney At Law
One North Last Chance Gulch
Helena MT 59601

Jefferson County Attorney
County Courthouse
Box H
Boulder MT 59632

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy