No. 01-352

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 165N

MICHAEL S. ROGERS,

       Plaintiff and Appellant,

    v.

WORDEN BALLANTINE YELLOWSTONE
COUNTY WATER AND SEWER DISTRICT and
JACK TOOGOOD,

       Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and for the County of Yellowstone,
                  The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

            Michael S. Rogers, *Pro Se*, Worden, Montana

       For Respondents:

            (No Respondents' brief filed)

                        Submitted on Briefs:  May 9, 2002

                                 Decided:  July 25, 2002

Filed:

_____
                         Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2   Michael S. Rogers (Rogers) appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his petition for a writ of mandamus.  We affirm.

¶3   The issue before the Court is whether the District Court erred in denying Rogers' petition for a writ of mandamus.

BACKGROUND

¶4   In February and March of 2001, Rogers sent several letters to Jack Toogood (Toogood), the chairman of the board of directors of the Worden Ballantine Yellowstone County Water and Sewer District (District), requesting copies of various bank statements and a loan document relating to the District's financial business.  Rogers requested the documents pursuant to § 2-6-102, MCA, and Article II, section 9 of the Montana Constitution, which provide citizens with the right to inspect and copy public documents.  Toogood responded to Rogers' requests via a letter dated March 23, 2001, stating the District's policy that all requests for information be discussed at District board meetings and informing Rogers that his requests had

been placed on the agenda for the next board meeting to be held on April 9, 2001.

¶5 On March 28, 2001, Rogers filed in the District Court a petition for a writ of mandamus alleging that the District had violated § 2-6-102, MCA, and Article II, section 9 of the Montana Constitution by refusing to provide him with the documents and requesting the court to order the District to comply with his requests. The District Court denied the petition, observing that the District had placed Rogers' requests on the agenda for the next board meeting and, as a result, Rogers had failed to establish the absence of a plain, speedy and adequate legal remedy other than mandamus. Rogers appeals.

### STANDARD OF REVIEW

¶6 A district court's decision to grant or deny a petition for a writ of mandamus is a conclusion of law which we review to determine whether the conclusion is correct. Common Cause of Montana v. Argenbright (1996), 276 Mont. 382, 390, 917 P.2d 425, 429.

### DISCUSSION

¶7 Did the District Court err in denying Rogers' petition for a writ of mandamus?

¶8 A writ of mandamus is available where the requesting party is entitled to the performance of a clear legal duty by the party against whom the writ is sought and there is no other plain, speedy and adequate remedy available in the ordinary course of law. Section 27-26-102, MCA; Common Cause of Montana, 276 Mont. at 390,

3

917 P.2d at 430. Generally, the party seeking the writ must demand the performance of the act sought to be compelled before the writ will issue and a petition for such a writ filed prior to making a demand for performance must be denied as premature. Liebman v. Brunell (1984), 212 Mont. 459, 460, 689 P.2d 248, 248. A logical corollary to the proposition that a party seeking a writ of mandamus must have made a demand for the performance of the clear legal duty is that the party to be compelled to perform must have refused--explicitly or implicitly-- to perform. Indeed, we have stated that parties "should not be subjected to the harsh remedies of mandamus, including the payment of attorney fees, unless they refused to take action after a request had been made." Liebman, 212 Mont. at 460, 689 P.2d at 249.

¶9    It is clear that Rogers has demanded the District to perform an act by requesting it to provide him with various documents. However, there is no evidence that the District failed or refused to comply with Rogers' requests. Rather, the District timely placed Rogers' requests on the agenda to be discussed at the next scheduled board meeting and notified him of the time and place of the meeting so he could attend if he chose. The District subsequently was not given the opportunity to comply with Rogers' requests because he petitioned for a writ of mandamus before the board meeting was held. Thus, it cannot be said that the District would have refused to perform. As a result, we conclude that Rogers' petition for a writ of mandamus was properly denied as

4

being premature.  We hold that the District Court did not err in denying Rogers' petition for a writ of mandamus.

¶10  Affirmed.


/S/ KARLA M. GRAY


We concur:


/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler dissenting.

¶11  I dissent from the majority Opinion.

¶12  Our constitution and statutory law give the Petitioner, Michael S. Rogers, the right to examine public documents on demand. They do not require that he wait several months for a meeting at which local officials discuss the merits of disclosure. Contrary to the majority's conclusion, the Respondent Water Sewer District (District) did refuse to take the action they were obligated to take following Rogers' request and he was entitled to a writ of mandamus.

¶13  Rogers first wrote to the chairman of the Board of the District on February 9, 2001. In that letter, he pointed out that he was disabled and that because of his disability, his participation in a number of activities was limited. He also requested that he be sent a copy of the District's most recent bank statement. On March 4, 2001, Jack Toogood, the chairman, responded to several of Rogers' inquiries but did not provide the requested bank statement.

¶14  On March 7, 2001, Rogers wrote to Toogood again and requested a copy of the Water Pollution Control Revolving Fund Loan Agreement. The document was not provided by the date on which Rogers requested it and he renewed his request for both the loan agreement and two bank statements on March 19, 2001. At that time, he also advised Toogood of his obligation to provide the information pursuant to § 2-6-102(1), MCA, and Article II, Section 9 of the Montana Constitution.

¶15  Finally, on March 23, 2001, Toogood responded to Rogers that his letters would be placed on the agenda of the April 9, 2001,

6

District meeting. However, even if Rogers was physically capable of attending, there was no guarantee based on Toogood's letter that the information would be provided.

¶16 On March 28, 2001, Rogers filed his petition for a writ of mandamus. Without requiring a response, it was denied by order of the District Court on April 4, 2001, based on the District Court's conclusion that Rogers had an adequate remedy at law. The majority Opinion seems to mirror the District Court order.

¶17 I conclude that Rogers' right to examine public documents upon demand was violated, and that giving him an opportunity to attend a meeting where he could discuss with board members the merits of public disclosure was not an adequate alternative to and did not satisfy the Board's obvious statutory and constitutional obligations.

¶18 Article II, Section 9 of the Montana Constitution provides, in relevant part, that: "No person shall be deprived of the right to examine documents . . . of all public bodies or agencies of state government and its subdivisions . . . ."

¶19 Section 2-6-102(2), MCA, provides in relevant part as follows:

> (2) Every public officer having the custody of a public writing that a citizen has a right to inspect is bound to give the citizen on demand a certified copy of it, on payment of the legal fees for the copy, . . . .

¶20 The Board of the District did not respond to Rogers' petition in the District Court. Nor has it filed a brief in opposition to his appeal. Therefore, it is uncontested that the District is a public body, Toogood is a public officer, and the written documents requested are public writings. No one denies that Rogers had a right to the documents that he requested and it is undisputed that

7

Rogers was not given the documents "on demand" as the "law specifically enjoins." Under the circumstances, the conclusion that Rogers was entitled to a writ of mandamus is a no brainer.

¶21 Section 27-26-102, MCA, provides that:

> (1) A writ of mandamus may be issued by the supreme court or the district court to any . . . board, or person to compel the performance of an act that the law specifically enjoins as a duty resulting from an office, . . . .

> (2) The writ must be issued in all cases in which there is not a plain, speedy, and adequate remedy in the ordinary course of law.

¶22 Rogers had no plain, speedy and adequate remedy in the ordinary course of law. He was entitled to the records he requested "on demand." He first made demand on February 9, 2001. He demanded more information on March 7, 2001. He renewed his demands on March 19, 2001. Finally, on March 23, he was told that by April 9, 2001, the Board would meet and consider his request. Merely considering his request did not satisfy the Board's obligation to provide him with the documents he was entitled to "on demand." The majority's suggestion to the contrary simply ignores the Board's statutory and constitutional obligations.

¶23 The majority concludes that there is no evidence the District failed to comply with Rogers' request. As set forth above, the District clearly did fail to comply with Rogers' request and he had no obligation to go to a meeting two months after the request was first made and negotiate with them to recover documents that should have been provided two months earlier.

¶24 For these reasons, I dissent from the majority Opinion. I would reverse the District Court and grant Rogers' uncontested petition for a writ of mandamus.

8

/S/ TERRY N. TRIEWEILER